UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  | : |  |
|---|---|---|
|  | : |  |
| In Re: CHANTEL PEOPLES, | : | CASE NO. 3:06-CV-603 (RNC) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

RULING AND ORDER

_____This is an appeal from a decision and order of the Bankruptcy Court (Alan H. W. Shiff, Judge) granting a creditor's motion to compel the debtor to comply with a settlement agreement. For the reasons that follow, the decision is affirmed.

I.   Background

This dispute arises in the context of a protracted bankruptcy proceeding during which appellee, Waterfield Mortgage Co., the holder of a mortgage on appellant's home, filed a proof of claim for $235,367.47.[1]   Appellant objected to the claim on July 30, 2002.  The claim and objection were scheduled to be heard before Judge Shiff on June 22, 2005.  The hearing did not occur because counsel for the parties informed Judge Shiff that a settlement agreement had been successfully negotiated.  On learning that the parties had finally managed to resolve their dispute, Judge Shiff immediately convened a proceeding in open court in the presence of appellant and her husband and invited counsel for the parties to place the terms of the settlement on the record.

_____

[1] Waterfield has since assigned the claim to EMC Mortgage Corp.

Appellant's counsel took the lead in describing the terms of the settlement agreement. He reported that the parties had agreed on the following terms: the total amount of the debt was set at $290,000 (which was substantially less than the amount claimed by the appellee); the appellant and her husband would make monthly payments of $1,900 for 60 months to cover principal and interest, taxes and insurance; in addition, they would make monthly payments of $400 for 60 months toward the arrearage; the appellant would move to dismiss the Chapter 13 case, which would result in a distribution to the appellee of $25,258.76; and the balance of the arrearage would be paid by a balloon payment of $75,000 on or before the end of 60 months.

In the course of his remarks, appellant's counsel noted that, "[a]s part of the deal," appellant had agreed to give appellee as security for payment of her debt a deed on her house, which could be recorded in the event of a default that was not cured "after notice and [a] reasonable cure period." (Tr. of Proceedings, June 22, 2005, at 4.) Apparently with this in mind, he went on to say, "I think we have built in – I think we have attempted fairly to balance the bank's wish for expeditious relief should there be a default down the road, with protection built into the debtors to give them an opportunity so that if there's an inadvertent default they have an opportunity to cure that and, of course, not lose their home, which has been the point of the entire exercise." (Id.

at 4-5.)  Concluding his remarks, appellant's counsel stated, "So I think for your Honor's purposes what we can submit is an order resolving the claim and we will be filing very shortly a motion to dismiss the Chapter 13 case and there will be a forbearance agreement, I believe, that will incorporate the terms of the agreement between the parties." (<u>Id</u>. at 5.)

After counsel summarized the terms of the settlement, Judge Shiff addressed the appellant and her husband.  In response to his questions, appellant confirmed that she understood "all the terms, and the conditions, and the consequences" of the agreement, to which she and her husband "agree[d] to be bound." (<u>Id</u>. at 6.) Judge Shiff then asked appellant if she understood that he would be "entering an order consistent with the terms and the conditions so that there will not only be an agreement between you, there'll also be an order of the Court."  (<u>Id</u>. at 6.)  To this appellant responded, "Right."  (<u>Id</u>.)  After confirming that the creditor agreed to the same terms and conditions, Judge Shiff stated, "Okay. Then I'm going to make what you have recited an order of the [C]ourt.  It will be effective now, as of today, before I get a chance to get a written copy of what has been stated.  So it is now an order of the Court." (<u>Id</u>. at 7.)  Neither party objected to his entry of this order.

Appellant made payments in accordance with the terms of the agreement for three months, then stopped making payments beginning

in October 2005. In December 2005, appellee moved pursuant to 11
U.S.C. § 105(a) for an order directing appellant's compliance with
the agreement. Appellant opposed the motion on the ground that
the parties had reached, at most, a tentative agreement lacking
material terms.

At a hearing before Judge Shiff, appellant's counsel explained
that appellant had stopped making payments mainly because the
parties had been unable to reach agreement concerning the length of
time the deed for the property would be held in escrow.
Appellant's counsel stated that appellee wanted to keep the deed
until the debt was reduced to as little as $20,000, which was
unacceptable to appellant because it created a risk that appellee
could seize her home even after substantially all the debt had been
paid. (Transcript of Proceedings, January 9, 2006, at 11-12.)
After the hearing, Judge Shiff found that the parties' agreement as
set forth in the transcript of June 22, 2005 was sufficiently
definite to be binding and enforceable and ordered the parties to
comply with its terms. This appeal followed.

II. Standard of Review

An order pursuant to 11 U.S.C. § 105(a) is reviewed for abuse
of discretion. See In re Globo Communicacoes e Participacoes S.A.,
317 B.R. 235, 245 (S.D.N.Y. 2004). A determination that parties
entered into an agreement intending to be bound is a finding of
fact, see Omega Eng'g, Inc. v. Omega S.A., 432 F.3d 437, 443 (2d

Cir. 2005), which may be overturned only if the reviewing court "is left with the definite and firm conviction that a mistake has been committed." <u>Presley v. U.S. Postal Serv</u>., 317 F.3d 167, 174 (2d Cir. 2003) (quoting <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573 (1985)).

III. <u>Discussion</u>

     "The inquiry regarding whether parties intended to be bound by a settlement agreement in the absence of a signed writing" is guided by four factors, none of which is dispositive: "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." <u>Ciaramella v. Reader's Digest Ass'n, Inc.</u>, 131 F.3d 320, 324 (2d Cir. 1997). Appellant relies principally on the third factor. In essence, she contends that the absence of an agreement on the length of time the deed would be held in escrow and related provisions on notice and cure prevented the formation of an enforceable contract. Disagreement over even "minor" or "technical" points may be sufficient to bar formation of a contract, but only if the "points remaining to be negotiated are such that the parties would not wish to be bound until they synthesized a writing satisfactory to both sides in every respect."

Powell v. Omnicom, 497 F.3d 124, 130 (2d Cir. 2007).

Judge Shiff's finding that the parties intended to be bound by their settlement agreement, notwithstanding the absence of an agreement on the escrow period for the deed and related provisions dealing with notice and cure is adequately supported. While the parties might have intended to cover these points in a written forbearance agreement, they manifested no such intent during the proceeding on June 22, 2005. It is far from clear, moreover, that a person in appellant's position that day would not wish to be bound until these points were negotiated and reduced to writing.

IV. Conclusion

Accordingly, the decision of the Bankruptcy Court is hereby affirmed.

So ordered.

Dated at Hartford, Connecticut this 30th day of March 2008.


_____/s/_____
        Robert N. Chatigny
   United States District Judge